SMITH *versus* ROWE.

Upon neglect to pay the rent due on a lease at will, thirty days notice to quit, given in writing by the landlord to the tenant, is sufficient to determine the lease.

Until the end of that time, the tenant's possession is lawful, and the lease is not determined.

The thirty days notice in writing, upon which the process of forcible entry and detainer may be maintained, cannot be given until the tenancy is determined.

Such notice must be distinct from, and subsequent to, that by which the tenancy is to be determined.

EXCEPTIONS from the District Court, COLE, J.

Process of forcible entry and detainer, commenced on the 28th July, 1848.

It was proved *that* the land belonged to the plaintiff, *that* the defendant was occupying it under a parole lease, at a rent of $60, payable $15, quarter yearly; *that* rent was paid up to 20th July, 1847; and *that* notice in writing to quit was served on the defendant, June 19, 1848. Upon this evidence the Judge ordered a nonsuit.

*E.` H. Davies,* for the plaintiff.

The defendant was a tenant at will. R. S. c. 91, § 30.

His estate was terminated immediately by the notice to quit. *Ellis* v. *Page,* 1 Pick. 43, 47; *Curl* v. *Lowell,* 19 Pick. 25; *Gould* v. *Thompson,* 4 Metc. 224, 228, 229; *Davis* v. *Thompson,* 13 Maine, 209.

The forcible entry process may be maintained at the end of thirty days from the time of such notice. *Davis* v. *Thompson,* 13 Maine, 209; 2 Metc. 29; 3 Metc. 350.

*Fox,* for the defendant.

WELLS, J. — The respondent was tenant at will to the complainant. Stat. c. 91, § 30. But not having paid the rent according to the agreement, notice to quit was served on him on the 19th of June, 1848, and this process was commenced on the 28th of July following.

The nineteenth and twentieth sections of the Stat. c. 95, are as follows : —

" Section 19. All tenancies at will may be determined by either party, by three months notice, in writing, for that purpose given to the other party ; and, when the rent, due upon such lease, is payable at periods of less than three months, the time of such notice shall be sufficient, if it be equal to the interval between the days of payment; and, in all cases of neglect or refusal to pay the rent due on a lease at will, thirty days notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease.

" Section 20. The preceding section shall not be construed to extend, or be applicable, to the proceedings in cases of forcible entry and detainer, or the notice required in such cases."

The nineteenth section prescribes certain modes of terminating tenancies at will, one when the rent is not paid, by thirty days notice in writing to quit. When a notice of three months is given, it must be understood, that the tenancy does not expire until the three months have elapsed. So too when a notice of thirty days is given, that the lease does not terminate, by the mere act of giving the notice, but at the expiration of thirty days. The tenant is lawfully in possession until the time mentioned in the notice has expired. And such appears to be the view taken of this statute in *Wheeler* v. *Wood*, 25 Maine, 287. The case of *Davis* v. *Thompson*, 13 Maine, 209, was decided before the passage of this statute.

After the termination of the tenancy, the landlord may enter and take possession without giving any notice of his intention so to do. And if his entry is resisted, he may treat the tenant as a disseizor and maintain a writ of entry against him, or a process of forcible entry and detainer by virtue of the second section of the statute, c. 128.

But if the landlord claims to have the benefit of the fifth section of the last mentioned statute, which provides, that " whenever a tenant, whose estate in the premises is determined, shall unlawfully refuse to quit the same, after thirty

days notice in writing, given by the lessor for that purpose, he shall be liable to the provisions of this act," &c. he must give the notice required by it.

Such unreasonable refusal is made equivalent to a forcible detainer. But to produce that effect, the tenant must hold over for the period of thirty days after his estate has terminated. *Clapp* v. *Paine*, 18 Maine, 264.

By § 20, c. 95, provision is expressly made, that the notice, mentioned in § 19 of that chapter, shall stand independently of the proceedings in cases of forcible entry and detainer, so that the notice to terminate the tenancy should not be adopted as the same notice required by the fifth section of c. 128. The two notices are disconnected from each other. No other conclusion can be formed without doing violence to the language of the statutes, than that where notice has been given to terminate the tenancy, and the landlord resorts to the fifth section of c. 128, he must give an additional notice according to the provisions of that section.

In *Wheeler* v. *Cowan*, 25 Maine, 283, there was a lease for a year, and the tenancy terminated at the end of the year. The notice in that case was after the termination of the tenancy.

In the present case, the notice given had no other effect than to put an end to the tenancy, and none having been given after its termination, this process which is sought to be maintained, not for any actual detainer *manu forti*, but by virtue of the fifth section of the statute before mentioned, cannot be sustained, and the exceptions must be overruled.